### HUNTER *v.* CARROLL.

A court of equity will not order the removal of buildings which, by an innocent mistake as to the line, have been placed a little upon the plaintiff's land, when it appears that the damage caused to the defendant by such an order will be greatly disproportionate to the injury of which the plaintiff complains.

Equity does not aid oppression, but leaves one seeking its interference for such a purpose to his remedies at law.

BILL IN EQUITY, praying that the line between land of the plaintiff and defendant be established, and that the defendant be ordered to remove two houses which are situated partly upon the plaintiff's land. Facts found by a referee.

The defendant has two houses which extend over the line,—the northerly one at its north-west corner seven and forty-five hundredths feet; the southerly one at its south-west corner four and ninety-five hundredths feet. The defendant purchased the land for the purpose of putting the south building upon it, and acted innocently and with no intent to trespass upon the plaintiff in putting it there, supposing it was on her own land. The plaintiff knew the building was being put on the lot by the defendant, and made no objection, not knowing where the line was. A strip of land west of the defendant's buildings, ten feet wide, which would include that part of the plaintiff's land on which the defendant's buildings now stand, is worth ten dollars. The location of the line has been heretofore established in a suit at law between the parties.

The court entered a decree, in substance, that if the plaintiff files with the clerk, before June 1, 1888, a deed of quitclaim or release to the defendant of a strip of land ten feet in width across the easterly end of her lot and adjoining the defendant's land, judgment is to be entered on the report for the plaintiff for fifteen dollars damages and taxable costs. If the plaintiff refuses to make such conveyance, the bill is to be dismissed with costs for the defendant. To this order and decree the plaintiff excepted.

*E. J. Temple*, for the plaintiff.

*Leonard Wellington*, for the defendant.

BLODGETT, J. The plaintiff can take nothing by her exception. The inconsequential injury reported by the referee may apparently be fully compensated, and the land itself recovered in proceedings at law; but if not, the manifest object of this proceeding being to compel the defendant to pay an exorbitant price for the narrow

strip of land upon which, through mutual mistake, her two houses are partly situate, and which is comparatively valueless except for purposes of litigation, or subject her to great inconvenience and expense in removing the buildings, equity will not aid in this attempted act of oppression, and will not take jurisdiction to give the plaintiff redress other than that afforded her by the alternative decree made at the trial term. See *Wason* v. *Sanborn*, 45 N. H. 169; *Clark* v. *Society*, 46 N. H. 272, 275, 276; *Bassett* v. *Company*, 47 N. H. 426, 439, 441, 443.

*Exception overruled.*

CLARK, J., did not sit: the others concurred.