### HELEN E. C. NIXON
*vs.*
### CATHRYN C. HARPER

Superior Court          Fairfield County          File No. 49174

MEMORANDUM FILED JANUARY 16, 1940.

*Bernard Nevas,* of South Norwalk, for the Plaintiff.

*Keogh & Candee,* of South Norwalk, for the Defendant.

O'SULLIVAN, J. This is an action wherein both legal and equitable relief is sought. The parties own adjoining parcels of land located on Bell Island in Norwalk. Some time after September, 1921, the defendant built an addition to the house already standing on her land in such a manner as to encroach

upon the plaintiff's property to the extent of an area 37 feet in length and, in width, 0.6 feet at one end and 1.3 feet at the other. The lack of the necessary lapse of time disposes of the first special defense claiming right by adverse possession.

In another special defense, the defendant alleges and the evidence establishes that in 1930 the defendant's husband and the plaintiff reached an agreement that the area in question would be conveyed to Mrs. Harper upon the latter agreeing to remove a portion of her garage and to refrain thereafter from constructing any building upon her land which should extend more than 24.7 feet northwesterly from a defined point. In carrying on his negotiations with the plaintiff, the defendant's husband was acting in his own behalf and had no authority to represent his wife. Nevertheless, the garage was reconstructed as he had agreed, Mrs. Harper making no objection to his doing so. However, she refused to sign the agreement he had made and yet she now relies on it as the basis for a claim that the plaintiff is estopped from obtaining her requested relief. This is totally without merit, because the agreement by which the defendant was to receive a deed of the land was predicated upon her agreeing, in addition to removing a part of the garage, not to erect any other building within a restricted limit.

The plaintiff has established her cause of action and the only real concern is as to the relief she ought to have. Under the broad equitable power of the court, the proposed decree would seem to be the fairest to both parties, especially in view of the fact that the defendant has, in her second special defense, attempted to accept the benefits of the agreement between her husband and the plaintiff.

A mandatory injunction to remove the offending structure should not issue. "Where . . . . there has been an innocent mistake . . . . or laches on the part of the plaintiff, or where the conduct of the defendant was not wilful and inexcusable, and where the granting of the injunction would cause damage to the defendant greatly disproportionate to the injury of which plaintiff complains and it appear that damages will adequately compensate the latter . . . . it would be inequitable to grant a mandatory injunction." *Bauby vs. Krasow,* 107 Conn. 109, 115. *See, also, Waterbury Trust Co. vs. G. L. D. Realty Co.,* 124 id. 191, 199.

Judgment may enter as follows: if within twenty days hereof the defendant shall execute an agreement whereby she shall

bind herself, her heirs and assigns to refrain from constructing on her property any building more than 24.7 feet from the existing cobblestone wall marking the boundary of her land and that now or formerly of the estate of Ebenezer H. Fillow, the plaintiff shall thereupon have judgment for one dollar entered in her favor, without costs to either party, provided she shall execute and deliver to the defendant a conveyance of the area over which the controversy has arisen; and in the event that the defendant fails to execute said agreement, then judgment shall enter for the plaintiff to recover $25.00 and her costs.

With reference to the latter phase of the judgment, it should be said that it is based on the rule found in *McGann vs. Hamilton*, 58 Conn. 69, 73, concerning the measure of damage for a continuing trespass. "The true rule we understand to be, that where real estate is encroached upon, as is claimed in this case, the plaintiff will recover, not the full value of the land, but the damage he sustains in being deprived of its use; and such damage will be limited to past time."

From this I understand that a continuing encroachment such as that involved herein may furnish opportunity in the future to institute other actions.

The cross complaint is without any merit. On it the issues are found for the plaintiff.