## CHAPPELL v. WINSLOW.
### No. 5250.

Circuit Court of Appeals, Fourth Circuit.
July 26, 1944.

R. Clarence Dozier, of Elizabeth City, N. C., for appellant.

Whedbee & Whedbee, of Hertford, N. C., for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment for defendant in an action to recover damages for breach of an agreement restricting the use of land. The judgment was rendered upon a stipulation as to the facts which are as follows:

On July 6, 1929, one Josiah Winslow conveyed to the defendant J. E. Winslow a half acre tract of land in Perquimans County, North Carolina, this half acre being cut off from a thirty acre tract, the remainder of which was retained by Josiah Winslow. On the same date J. E. Winslow executed and delivered to Josiah Winslow a written agreement to the effect that, if he should decide to sell the half acre conveyed to him, he would give Josiah Winslow the refusal thereof, and that he would not erect any building other than a filling station on the property without the permission of Josiah Winslow. That agreement, contained in a paper writing separate from the deed, is as follows:

"This agreement made this day between Josiah Winslow and J. E. Winslow the said J. E. Winslow agrees to give Josiah Winslow refusal if he decides to sell land and improvements this day bought of Josiah Winslow, and that he will not erect any other building except a filling station on the

property without the permission of Josiah Winslow. This the 6th day of July, 1929. J. E. Winslow."

In the following year, Josiah Winslow conveyed the remainder of the 30 acre tract to the plaintiff, J. A. Chappell, by deed which contained as one of its provisions the following attempted assignment of rights under the agreement with J. E. Winslow, viz.:

"And it being further understood that the agreement between J. E. Winslow, et als., and Josiah Winslow shall continue in full force and effect and the benefits of said agreement in favor of Josiah Winslow being transferred and assigned to Julian A. Chappell".

Some ten years later, J. E. Winslow erected a garage on the land and after its erection obtained from Josiah Winslow a statement in writing to the effect that he had no objection thereto. This action was subsequently instituted to recover damages for the erection of the garage; and judgment was entered for defendant on the ground that the agreement relied on by the plaintiff did not run with the land and furnished plaintiff no ground for recovery.

We think that this judgment was clearly right. There is nothing whatever in the record tending to show that the agreement relied on was intended to inure to the benefit of the land or those who might subsequently acquire it. On the contrary, the language of the agreement itself shows that it was entered into for the personal benefit of Josiah Winslow. It will be noted that the restrictive agreement with respect to the erection of buildings is coupled with an agreement to give Josiah Winslow the refusal of the property if J. E. Winslow should decide to sell it, and that the restrictive agreement is not an agreement in general terms not to erect buildings of a certain type on the property, but not to erect any building except a filling station without the permission of Josiah Winslow. The "refusal" provided for was certainly for the personal benefit of Josiah Winslow and not for the benefit of the land or subsequent owners; and the restrictive agreement is not only a coordinate agreement and presumptively of the same character (noscitur a sociis) but it is also made dependent upon the personal permission of Josiah Winslow. The clear intention is that, so long as Josiah Winslow should remain the owner of the remaining portion of the 30 acres, he should have the refusal of the half acre tract if J. E. Winslow should decide to sell it and should have the power of controlling what sort of buildings should be built upon that property. There is a total absence of circumstances which would tend to show an intention that the restrictive agreement was for the benefit of the land retained by Josiah Winslow and those to whom he might subsequently convey it, such as sale with reference to a subdivision or specific limitations upon the kind of structure that might be built upon the property or the uses that might be made of it. The rule applicable is well stated in 14 A.J. pp. 651, 652, where it is said:

"The right of a person not a party to a restrictive covenant to enforce it depends upon the intention of the parties in imposing it. In order to confer such right upon one other than a party to the agreement, it must appear that it was the intention of the covenantee to create a servitude or right which should inure to the benefit of the land acquired by the plaintiff and should be annexed to it as an appurtenance, or, as sometimes expressed, that it was intended to operate as between subsequent grantees.

"An owner of land in conveying part of the same may impose restrictions upon the part conveyed for his own personal benefit. Restrictions which are merely personal to the grantor cannot be enforced by subsequent grantees of the land. * * *

"When a restrictive agreement will be regarded as a personal covenant and when as one creating a right which passes with the land to a purchaser thereof is a question which cannot be answered categorically. The determinative factor is, as above stated, whether it was intended for the benefit of the land retained or intended to subserve some purpose personal to the covenantee."

The recent case of Sheets v. Dillon, 221 N.C. 426, 20 S.E.2d 344, 347, while dealing with a case somewhat different from that here involved, recognized the rule that, whether or not a restrictive agreement would inure to the benefit of one who had acquired an interest in land from a party to the agreement, depended upon whether such was the intention of the parties. The court, speaking through Mr. Justice Barnhill, said:

"A person owning a body of land, and selling a portion thereof, may, for the benefit of his remaining land, impose upon the land granted any restrictions not against public policy that he sees fit. 7 R.C.L. 1114. In the absence of a general plan of sub-

division, development and sale subject to restrictions, the restriction limiting the use of the portion sold is deemed to be personal to the grantor and for the benefit of the land retained. Ordinarily, it is only when the subdivided property is conveyed by deeds containing uniform restrictions in accord with a general scheme and for the benefit of all within a specified area that the other grantees of the owner of the original tract may enforce the restriction."

■■ The rule is generally recognized that, where the common grantor of two adjoining lots sells one and retains the other, and imposes upon the one which he sells a restriction against building in a certain way, which is manifestly intended for the benefit of the lot which is retained, and afterward sells this lot to another, the right under the restrictive covenant or agreement passes to the vendee of this lot as an appurtenance and may be enforced by him. Bauby v. Krasow, 107 Conn. 109, 139 A. 508, 57 A.L.R. 331; note 37 L.R.A.,N.S., 18 and cases there cited. This rule has no application here, however, for the reason that the restrictive agreement was not manifestly intended for the benefit of the land retained, but, on the contrary, was apparently intended for the personal benefit of Josiah Winslow. No definite limitation upon building rights was contained in the restrictive agreement, but Winslow was given the right to control the character of buildings to be erected, which made the limitation entirely dependent upon his personal views or wishes. It is unreasonable to assume that the parties intended building rights to be restricted in accordance with the views, wishes or whims of unknown future successors to the title of Winslow or that they should be restricted by his views and wishes after he had ceased to own the property.

■■ The question arises whether the plaintiff may not maintain the action as the assignee of the rights of Josiah Winslow under the assignment expressly made in the conveyance of the land, even though their rights do not run with the land itself. See Miles v. Easter, Eng.App., [1933] 1 Ch. 611, 89 A.L.R. 797. The answer to this is the same as to the contention that the agreement runs with the land. The rights of Josiah Winslow under the agreement were of so personal a character that there was nothing to assign. The agreement was merely not to build any building other than a filling station without the permission of Winslow. Defendant did not agree to restrict his building rights on the property purchased by him to such as might be granted by anyone who might succeed to Winslow's title; and it is unreasonable to assume that the parties could have intended that Winslow's permission should be required after he had ceased to have any interest in the property. The restrictive agreement was limited by the personal permission of the person in whose favor it was executed; and it is elementary that a contract involving a personal element of such a character cannot be assigned. 4 Am.Jur. 236; Burck v. Taylor, 152 U.S. 634, 651, 652, 14 S.Ct. 696, 38 L.Ed. 578; Delaware County v. Diebold Safe Co., 133 U.S. 473, 488, 10 S.Ct. 399, 404, 33 L.Ed. 674. As said by Mr. Justice Gray in the case last cited:

"When rights arising out of contract are coupled with obligations to be performed by the contractor, and involve such a relation of personal confidence that it must have been intended that the rights should be exercised, and the obligations performed, by him alone, the contract, including both his rights and his obligations, cannot be assigned without the consent of the other party to the original contract."

The questions involved in the case have been often before the courts and the learning on the subject is voluminous and complicated. For a more thorough discussion of the principles involved, see Miles v. Easter, Eng.App., [1933] 1 Ch. 611, 89 A.L.R. 797 and note; Jennings v. Baroff, 104 N.J.Eq. 132, 144 A. 717, 60 A.L.R. 1219 and note; Bauby v. Krasow, 107 Conn. 109, 139 A. 508, 57 A.L.R. 331; Allen v. Massachusetts Bonding & Ins. Co., 248 Mass. 378, 143 N.E. 499, 33 A.L.R. 669 and note; Stevenson v. Spivey, 132 Va. 115, 110 S.E. 367, 21 A.L.R. 1276 and note; Berryman v. Hotel Savoy Co., 160 Cal. 559, 117 P. 677, 37 L.R.A.,N.S., 5 and note page 12, 15; Clapp v. Wilder, 176 Mass. 332, 57 N.E. 692, 50 L.R.A. 120; Peabody Heights Co. v. Willson, 82 Md. 186, 32 A. 386, 36 L.R.A. 393; note 21 Am.St.Rep. 484, 491 et seq.; 14 Am.Jur. 651 et seq.

We, of course, attach no importance to the statement signed by Josiah Winslow after he had parted with title to the property. If the restrictive agreement had been assignable, he could not impair the rights of his assignee by subsequent action in derogation of those rights.

There was no error and the judgment appealed from will be affirmed.

Affirmed.