[No. 31647. Department Two. July 12, 1951.]

JUANITA STEWART, *Appellant*, v. DEWEY BEGHTEL *et al.*, *Respondents.*[1]

*Wright & Wright,* for appellant.

*Dobson & Houser* and *Rummens, Griffin & Short,* for respondents.

GRADY, J.—The appellant seeks reversal of a judgment dismissing her action after the court sustained a demurrer to the amended complaint and upon her refusal to plead further.

The amended complaint alleged that appellant and her deceased husband owned a tract of land, the east one half of which they had conveyed to Albert E. and Mae J. Price. The deed contained a number of restrictions, with a provision that a breach thereof should "cause said realty to revert to said grantors, their heirs, executors, administrators and successors, who shall have the right of immediate reentry upon said realty. . . ." One of the restrictions was that:

"No building shall be erected upon said property conveyed by this deed except one single detached dwelling house and garage, shed or other service building for said dwelling, nor shall any building be allowed to stand unpainted. . . ."

Appellant alleged that the restriction had been violated by respondents in that they caused to be constructed upon the property, in addition to the main residence building:

"One pumphouse, approximately 5' x 6'; one outhouse or outdoor privy; and, one additional two-story residence building, separated from the home of the defendants and intended for occupancy by another family, or families, than that of defendants themselves. That all of the said additional buildings are unattractive and unsightly, and are unpainted."

It was further alleged that such buildings interfered with the enjoyment of appellant's property, resulting in the obstruction of view, a crowded condition upon respondents' property, and a reduction in the value of the property in the community, that of appellant being particularly reduced.

The appellant and Mae J. Price claim through their deceased husbands, and will be referred to as though they were at all times sole owners of their respective tracts of land.

The respondents acquired their property by deed from Mae J. Price. The conveyance was made subject to the restrictions contained in the deed she received from appellant.

The respondents contend that appellant is without capacity to maintain this action because the reversion provided for in the deed to Price belongs to them jointly and Price is a necessary party.

On the question whether the amended complaint states a cause of action, the theory of respondents is that the restriction is one on the use of the premises and not a limitation on the number of buildings that may be built as long as their use conforms to the restriction. Based upon this premise, it is contended the construction of the structures set forth in the amended complaint is not such an act as to fall within the restriction.

The order sustaining the demurrer is general. We cannot tell from the record whether the court decided the amended complaint did not state a cause of action. It would appear from respondents' brief that a demurrer to the original complaint was sustained on the ground of defect of parties plaintiff.

The question whether a complaint states a cause of action may be raised on appeal, but unless the record shows that such question was passed upon by the trial court we are not inclined to hold a complaint insufficient unless it appears from such complaint no cause of action can be stated by amendment or otherwise, or it shows on its face plaintiff is not entitled to any relief. *State ex rel. Walton v. Superior Court*, 18 Wn. (2d) 810, 140 P. (2d) 554; *State ex rel. Everett Trust & Sav. Bank v. Pacific Waxed Paper Co.*, 22 Wn. (2d) 844, 157 P. (2d) 707, 159 A. L. R. 297.

The parties have given but little attention in their briefs to the sufficiency of the amended complaint. A solution of the problem presented depends upon mixed questions of law and fact. A pump house or an outdoor privy, under certain circumstances, may be a "service building" for a dwelling house, but the construction of an additional two-story residence building separated from the single detached dwelling house would be *prima facie* such a violation of the restriction as to be invulnerable to attack by demurrer. Respondents have not discussed the effect of leaving the buildings unpainted. A court of equity might hesitate to decree reversion of the property for such an omission, but it would be its duty to enforce such inhibition in a deed in some appropriate manner. We are of the opinion that the amended complaint states sufficient facts to be good as against a general demurrer.

The amended complaint with reference to the necessary parties plaintiff must be considered in connection with the restriction in the deed from appellant to Price. The grantees named in the deed given by appellant were her successors to the title and ownership of the land conveyed. Whether they can take advantage of a violation of the restrictions carried forward in their deed to their grantees, is not in-

volved in this appeal. Our problem is whether appellant, by reserving a reversion to herself *"and* successors", created only a joint right of reversion and thus disabled her from alone complaining if the restriction was violated. The usual purpose of restrictions of the kind under consideration is to protect the property retained by the grantor against the use of the conveyed property or the erection of buildings or other structures thereon which may have a tendency to diminish the value of such retained property or make its use less convenient or enjoyable. They are not personal only to the grantor unless the language used indicates such was the intention.

The reversion clause in the deed given by appellant makes it clear that the restriction was intended to be for the benefit of the land retained by her, and the right of reverter was preserved not only to the grantor personally, but also to her legal representatives while her estate was being administered upon, her heirs who might inherit, and their successors to whom they might convey the retained property, or to those who might receive it by devise. Parties who may enforce restrictions in conveyances may be different, depending upon whether such restrictions are for the benefit of the land retained by the grantor, or are for the benefit of owners of lots or tracts of platted property.

The restrictions in the deed given by appellant being for the benefit of the land retained by her after conveying the east one half of the whole tract, the rule is that the restriction may be enforced by either the grantor or any person into whose hands the land retained may pass. 14 Am. Jur. 654, Covenants, Conditions and Restrictions, § 314; Annotations, 21 A. L. R. 1288, and 60 A. L. R. 1225; *Johnson v. Robertson,* 156 Iowa 64, 135 N. W. 585; *Bauby v. Krasow,* 107 Conn. 109, 139 Atl. 508, 57 A. L. R. 331; *Post v. Weil,* 115 N. Y. 361, 22 N. E. 145; *Ball v. Milliken,* 31 R. I. 36, 76 Atl. 789. The rule is stated by the author of the annotation in 21 A. L. R. 1288, as follows:

"A very common purpose of restrictions as to the use of property conveyed is to benefit land retained by the grantor. Where the owner sells a part of his premises, and imposes a

restriction on the purchaser, by which the lands retained will be benefited, the transaction is sufficient to show an intention that the restriction is for the benefit of the lands retained, and the grantor or his subsequent grantee can enforce it."

It is our opinion that the word "successors" used in the deed from appellant to Price refers only to those who may become the owners of the part of the tract of land referred to in the complaint retained by appellant, and that Price is neither a necessary nor a proper party to this action. If respondents feel Price may cause trouble in the future, their remedy is to apply to the court to have her made a party to this action so that any controversy there may be over the restrictions may be determined. As to whether Price can or should be made a party, we express no opinion.

The judgment is reversed, and the cause remanded for the entry of an order overruling the demurrer to the amended complaint.

SCHWELLENBACH, C. J., MALLERY, HAMLEY, and WEAVER, JJ., concur.