[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this court as a court trial wherein, the plaintiff made certain allegations of fact in his amended complaint dated November 8, 1991 and sought an injunction requiring the defendants to remove the above ground pool they have installed on their property.
The court heard the witnesses and reviewed all the exhibits entered into evidence. The court in addition, heard the attorneys' arguments and has reviewed their briefs. Plaintiff's Exhibit C is a warranty deed from Fullin Et Al, to the defendants Nathan Pusey, Jr., and Elizabeth D. Pusey. The deed contains the restriction which provides as follows:
 . . . and the following restriction which shall bind the grantees, their heirs and assigns, and shall be construed as a covenant to run with the land in favor of the CT Page 396-S premises abutting the above described premises in part on the east now owned by said Joseph F. Fullin, which restriction is as follows: no swimming pool shall be erected or installed on the premises herein conveyed without the written permission of said Joseph Fullin, his heirs or assigns.
It is undisputed that Exhibit D which was presented to Joseph Fullin for signature to provide the written permission was never signed. The court finds that this restriction is a covenant running with the land. The court finds that a swimming pool was erected on the premises without the written permission of Joseph Fullin.
It is undisputed that the pool was purchased from Kiddy Town on August 12, 1988. See Exhibit 11. It is clear that the letter seeking written permission is dated August 15th. It is clear from the testimony that that letter, Exhibit D, was presented to Mr. Fullin on either the 15th or 16th of August and that he refused to sign it. It is also clear from the testimony that construction started on the pool on either August 17th or August 18th, one or CT Page 396-T two days after the refusal.
It is also clear that the location of the pool as originally placed on the premises by the defendant, as shown on Exhibit 6 by a circle marking the above ground pool, was in violation of the zoning regulations. A variance was sought and a refusal was received from the zoning board refusing the variance to allow the pool to remain in the location as shown on Exhibit 6.
The plaintiff Joseph Fullin says that from the period of time of 1983 through 1988, he never gave his oral permission to erect a pool. He also testifies that he never gave any implication that he would approve it. He describes minimal contacts with the defendant. The defendant Elizabeth Pusey testified that there were discussions during that period of time concerning the pool and their possibility of erecting one. It is clear that it came up in discussions particularly concerning the pool erected by the Bolles on their property. It is clear that when discussion of that nature took place, the plaintiff described the Bolles pool as "an ugly eye-sore" . . .
Although reasonable people might have disagreed about the CT Page 396-U intentions of the parties as to the erection of the first pool, the court finds that it is abundantly clear that after the variance was denied the plaintiff had shown in no uncertain terms that he was opposed to their above ground pool. This was evidenced by his lawyer's letters which appear of record and his appearance before the Zoning Board of Appeals in opposition to the variance.
It is clear to this court that when the defendants relocated the pool to its present location as shown on Exhibit 6 in the red circle, they did so with the complete knowledge that he was opposed to the pool and had not given his written consent. It is clear to this court, that if Mr. Fullin were opposed to the pool in its location which was not in his backyard, he certainly would be opposed to the location closer to his backyard. The pool was relocated to its current location in May of 1990.
The restriction is clear and the defendants argue equities in order to get around their relocation of the pool to its current site and the right to maintain it. They have cited among other authority Bauby v. Krasow, 107 Conn. 109. It is clear that the equities in cases must be fact driven. This court finds that the CT Page 396-V defendants have failed to establish that there is an equitable claim to get around the covenant running with the land.
If a covenant runs with the land, it binds the owner whether he has knowledge of it or not. It is clear in this case that the defendants had it in their deed and they knew of it. In this case, the party seeking enforcement was the original person who benefited from the deed restriction. This is not some successor in title, but rather a person who bargained for this at the beginning. It is clear that Mr. Fullin intended to live in the community and wanted some control over the use of adjoining properties as it related solely to swimming pools.
Even the Bauby case indicates that "where one has gone on wrongfully in a wilful invasion of another's rights in real property, the latter is entitled to have his property restored to its original condition even though the wrongdoer would thereby suffer great loss." p. 115. "It has been said that the result of denying a mandatory injunction in such a case, would be to allow the wrongdoer to compel innocent persons to sell their rights at a valuation." CT Page 396-W
So it is clear that the law is that the restrictive covenant may be enforced except under certain circumstances. It says in theBauby case, that a circumstance is where there has been innocent mistake. The court finds no innocent mistake in this case, but rather a clear decision on the part of the defendant to relocate the pool despite the oral objections and the failure to obtain written permission. There is no establishment of any bona fide claim of right on the defendant or laches on the part of the plaintiff. The further standard set forth in Bauby, is whether the conduct of the defendant was not wilful. It is very clear in this case that the conduct of the defendant was both wilful and inexcusable in light of the dispute existing between the parties at the time she relocated the pool to the red circle on Exhibit 6.
The court finds that the defendant has failed to prove its special defenses by a fair preponderance of the evidence.
The court finds that a mandatory injunction should issue under all the circumstances. The evidence has not established any remedy at law short of the removal. The court therefore enters an CT Page 396-X injunction requiring the defendants to remove the above ground pool they have installed on their property within 30 days of the date of this decision.
KARAZIN, J.