J. H. BECK, Appellee, v. FRED C. HECKMAN, Appellant.

**Conveyances:** EASEMENTS: ENFORCEMENT: BURDEN OF PROOF.  A pro-
vision in a deed that neither the grantee nor his transferees
shall thereafter place any obstruction upon the land for a term
of years, constitutes an easement for a violation of which right
the grantor is not confined to an action for damages, but may
enforce his right in equity, where no circumstances have occurred
nullifying the purpose for which the easement was created; and
the grantee has the burden of establishing, in defense of its en-
forcement, a contention that the provision was inserted after
the purchase was completed.

**Same.**  A covenant binding a grantee not to place any obstruction
upon the land conveyed for a term of years is not opposed to
public policy; nor will he be heard to say that it is a hardship,
unreasonable, inequitable or of no substantial money value.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE,
Judge.

TUESDAY, NOVEMBER 24, 1908.

THE opinion states the case.—*Affirmed.*

*McLaughlin & Shankland,* for appellant.

*Bowen, Bremner & Alberson,* for appellee.

WEAVER, J.—The plaintiff was the owner of a tract of land lying east of the division line between the northeast quarter and the northwest quarter of the section. He also owned a one-acre lot adjoining the first-mentioned tract on the west side of said line, while defendant owned the larger tract from which the one-acre lot had been carved out. A private way had been opened for some distance along the line between the quarter sections, and on the west side of this way and about thirty-two feet from the east line of said lot plaintiff built and maintained a fence. Defendant was quite anxious to purchase this lot, and from time to time during a period of several years sought to open negotiation therefor. Plaintiff expressed a willingness to sell, but insisted as one of the conditions thereof that defendant should covenant or agree to leave the fence where it then stood, in order to preserve or make more convenient the entrance to his remaining land on the east side of the line. This, for a time at least, the defendant was not willing to concede. Finally, an agreement was reached, or supposed to have been reached, the agreed price was paid, and a deed bearing date November 28, 1902, was executed and delivered by plaintiff to the defendant. The deed is in the ordinary form, with the usual covenants of warranty, except a clause inserted therein following the description of the property, in the following words: "It is hereby agreed by the said Fred C. Heckman that he or his transferees are not to build any fence or other obstruc-

tion on the above-described land east of the fence now on
said land for a term of twenty-five years from this date."
Four years later the defendant moved the fence some
twelve feet to the east, bringing it into line with the re-
mainder of the fence inclosing the private way which has
now been converted into a public road.   Thereupon this
action was begun in equity, setting up the foregoing state
of facts, and asking that defendant be enjoined from main-
taining said fence east of the site or location on which it
stood at the date of the deed.   Answering the petition, the
defendant denies that said restrictive clause in the deed
is binding upon him because, as he alleges, it was incor-
porated into the said instrument long after the purchase
of the land, without any consideration therefor, and with-
out his knowledge or consent.   Other matters alleged in
the answer being mere conclusions of law, we need not here
set them out.   The court found for the plaintiff, and de-
fendant has appealed.

The claim of the appellant that the restrictive clause
in the deed was inserted after the purchase was completed
is not sustained by the record.   He received the deed,
**1. Conveyances: easements: enforcement: burden of proof.** according to his own admission upon the
witness stand, knowing it contained said
provision.   He took and held possession of
the land under it, has ever since retained it, and it is his
only evidence of title.   Assuming for the purposes of this
case that it is competent for him under such circumstances
and the issues joined herein to deny the obligation im-
posed by such covenant, the burden is surely upon him to
establish such defense by a fair preponderance of the evi-
dence.   In this he clearly failed.   The testimony upon the
part of the plaintiff is quite strongly supported by defend-
ant's own admissions as a witness that, when the deed was
tendered to him, it contained the restriction in its present
form, except that it provided no time limit.   He objected
to it in that form, and asked that the reservation be given

some definite limit, and thereupon plaintiff took the deed and added the words "for a term of twenty-five years from date." With this modification he accepted it, and, as the weight of the evidence tends to show, then paid the remainder of the purchase price.

But counsel say that, even if this issue be found against defendant, the covenant was one for the personal benefit of the grantor, and not for the benefit of the land on the east side of the line, and plaintiff's remedy, if any, is at law for damages, and not in equity. Such is not our view of the law. The effect of the restriction was to create an easement or servitude upon the land conveyed, for the benefit of the remaining land owned by the defendant on the east side of the line, and we find no authority, and none is cited by counsel, to the effect that, when he has obtained title to the land subject to such restriction or burden, the grantee may proceed at once to destroy the right thus reserved and remit the other party to a remedy in damages. Pomeroy's Equity Jurisprudence, section 12. It is true that cases may be found where it is held that a change of circumstances destroying or nullifying the essential purpose sought to be subserved by the covenant will justify the court in refusing an injunction for its enforcement. *Trustees of Columbia College v. Thacher,* 87 N. Y. 311 (41 Am. Rep. 365). But no such change is shown in the present case.

Nor do we find anything in this covenant which is opposed to public policy, as counsel seem to think. A direct grant or conveyance of the use of this strip of ground for a period of twenty-five years would present no features calling for the condemnation of a court of equity, and, if this be true, we are unable to see why a reservation or withholding of the same use in a deed by the owner of the entire estate should not be equally effectual. It is wholly aside from the point to say that the enforcement of such covenant works a hard-

2. SAME.

ship to the appellant, or is unreasonable or inequitable, as urged in argument. Under the decree of the district court, the appellant gets everything he purchased or bargained for. He was under no compulsion to make the purchase, and, if the ownership of this acre of ground seemed sufficiently desirable to induce him to agree to the terms demanded and to accept a deed containing the restriction, it is neither unjust nor inequitable that he be required to observe its limitations.

It is not a question whether the appellee really needs the right or easement which he claims or whether he may discontinue its use without serious detriment to his remaining land. He reserved or excepted from the conveyance to appellant the right to thus use and occupy the strip in question, and the court will protect his right thereto without stopping to consider whether such right has any substantial money value.

The decree rendered by the district court is right, and it is therefore *affirmed*.