The STATE of Texas, Appellant,

v.

Everett C. REECE et ux., Appellees.

No. 14273.

Court of Civil Appeals of Texas.

Houston.

Jan. 9, 1964.

Waggoner Carr, Atty. Gen., T. B. Wright, Watson C. Arnold, Woodrow Curtis, Carroll R. Graham, Asst. Attys. Gen., Austin, for appellant.

L. L. Warner, League City, for appellees.

WERLEIN, Justice.

This is a condemnation suit brought by the State of Texas to condemn appellees' improved residential property, Lot No. 1 in Block No. 2, of Brookhaven Addition, an addition in the City of Houston, Harris County, Texas, for highway purposes. The parties stipulated as to the issues involved in the suit with the exception of the market value of the property. Judgment was entered in favor of appellees for $18,900.00 based on the jury verdict.

Appellant assigns as error the action of the trial court in striking from the record all of the evidence concerning restrictions imposed upon Brookhaven Subdivision by instrument duly filed for record and recorded in Vol. 1006, p. 560, et seq., Harris County Deed Records, and instructing the jury not to consider for any purposes any of the restrictions testified about, and to conduct themselves in their deliberations as though there were no restrictions on the subject property.

A photographic copy of the recorded restrictions, duly certified by the County Clerk of Harris County, was adduced in evidence and later stricken from the record. All of the lots and blocks in Brookhaven Subdivision, including appellees' lot, with the exception of a defined portion of the subdivision having an exposure or frontage on Holmes Road, a much-traveled highway, are restricted to residential use and to the construction and maintenance of only one main residence for one family occupancy on each lot. There is no evidence that such restrictions have ever been terminated, changed or modified in the manner provided in the recorded instrument containing such restrictions, or in any other legal manner. Appellees assert that the evidence shows there were a number of violations of the restrictions and that some of the residential lots in the subdivision at the time of the condemnation proceedings were being used for commercial purposes in whole or in part. Even if there were some violations of the restrictions, as contended by appellees, the record shows that the question as to whether the restrictions were still in effect had never been adjudicated, and that no one could say whether they would or would not be upheld if attacked in court.

Appellees contend that the restrictions were not sufficiently proven and that it was not shown that they were imposed upon the property in question as part of a general scheme. We do not agree. The recorded instrument containing the restrictions was executed by Ben Taub, the reputed owner of the property. The restrictions, as shown by said instrument, were imposed upon the property for the benefit of all the owners of property in Brookhaven. Appellees accepted a deed from Ben Taub conveying to them the lot in question. Appellee, Everett C. Reece, testified that when he moved out on the property in question there were restrictions "out there"; that Brookhaven Addition was restricted for use as residential property only, with the exception of the portion of the property fronting Holmes Road which was commercial property; and that when he bought the property, Ben Taub told him that it was restricted.

When appellant proposed to introduce in evidence a certified copy of the recorded instrument containing the restrictions, appellees' attorney stated:

"I wish to reserve an objection concerning these restrictions and will urge as a matter of law among other things as to their original legality. I understand that there is an instrument of record and I don't wish my objection to prevent any inquiry into that instru-

ment, but I would like to have the jury to be instructed as to the legal effect of that instrument whatever it might be."

Following such statement, the attorney for appellees stipulated that the instrument containing the restrictions offered in evidence by appellant was the instrument purporting to be restrictions for the Brookhaven Addition as it appears in the records of the County Clerk's office of Harris County, Texas. After the copy of the restrictions was introduced in evidence, counsel for appellees stated:

"If it please the Court, continuing my objection in that the fact that it appears of record does not go to its being proved as a general plan and scheme, having been brought to the knowledge of this particular witness and I wish to reserve the right to strike that instrument as the testimony develops."

 It is our view that the restrictions were sufficiently established and proven by the evidence and the stipulation of counsel for appellees. This suit does not involve the title to the property in question but merely the condemnation of property which appellees claim to have bought from Ben Taub and which they knew was restricted to residential use at the time they purchased it. The County Court at Law would have no jurisdiction to determine the title to the property or to determine the validity vel non of the restrictions. Thompson v. Janes, 1952, 151 Tex. 495, 251 S.W.2d 953; Coughran v. Nunez, 133 Tex. 303, 127 S.W.2d 885. The market value of the property would be affected by such restrictions in all probability so long as they had not been terminated as provided in the instrument creating them, or otherwise legally terminated.

Appellees contend that the restrictions in question are in violation of the rule against perpetuities. The restriction instrument provides:

"All of above restrictions and reservations shall remain in full force and effect perpetually, and shall not be changed or modified in any degree, unless, after the expiration of fifteen (15) years from January 1, 1936, 75% of the owners of the lots hereby subject to these restrictions desire to change, modify, add to or eliminate any one or more of said restrictions."

The instrument then provides as to the manner of proceeding in connection with the change, modification or removal of the restrictions.

 It is thus seen that a procedure is provided for the elimination of the restrictions by a 75% vote of the owners of lots in the subdivision, but if this were not so, the restrictions, being covenants running with the land, although described as perpetual, are not in violation of the rule against perpetuities which, in the final analysis, is merely a rule against the too remote vesting of the title to real property. The purchaser buying the property would take title to same though burdened with the restrictions. A restriction may be valid although unlimited in point of time. 26 C.J.S. Deeds § 162(3), p. 1094. In 26 C.J.S. Deeds § 170, at page 1170, it is stated that, "A building restriction, unless made perpetual, terminates with the expiration of the time limited for its duration, * * *." In Butler v. Southwest Dairy Products Co., Tex. Civ.App., 146 S.W.2d 1036, 1941, dism., judg. cor., the court said:

"In the instant case, all right and title to the lots in said addition vested in the purchasers thereof, and the restrictions in question, as covenants running with the land, necessarily passed by conveyance of the title to the property and vested in the purchasers of the property as the title thereto vested."

See also Abernathy v. Adoue et al., Tex. Civ.App., 49 S.W.2d 476; Strong v. Shatto, 45 Cal.App. 29, 187 P. 159; Harris v. Pease, 1949, 135 Conn. 535, 66 A.2d 590, 10 A.L.R.2d 819. In any event, the recorded

restrictions, even if invalid, would in all probability have a direct bearing upon the market value of the lot in question at least until they had been adjudged invalid by a court of competent jurisdiction.

■ We have concluded that the trial court erred in striking the restrictions from the record and in instructing the jury in connection with the definition of market value not to take into consideration any restrictions of any kind or nature controlling the property being condemned.

Such instruction completely excluded from the consideration of the jury any effect that the existence and recordation of the restrictions might have upon the market value of the property in question, and was contrary to the governing rules of law applicable in such case as enunciated by our Supreme Court in City of Austin v. Cannizzo, 1954, 153 Tex. 324, 267 S.W.2d 808. In that case the property had been zoned for residential purposes but the evidence indicated a probability of a change in the zoning in the near future to permit commercial use. The court quoted from Nichols on Eminent Domain, 2d Ed., Vol. 1, p. 669, Sec. 219, as follows:

" 'When however a particular use of property is prohibited or restricted by law, but there is a reasonable probability that the prohibition or restriction will be modified or removed in the near future, the effect of such probability upon the value of the property may be taken into consideration.' "

The court said:

"If the trial judge is satisfied from the evidence as a whole that there is no reasonable probability that existing restrictions may be lifted within a reasonable time, he should exclude evidence of value based on use for any purposes other than those to which it is restricted. On the other hand, if it appears reasonably probable to the trial judge that the wants and needs of the particular community may result, with-in a reasonable time, in the lifting of restrictions, he should admit testimony of present value based on prospective use of the property for purposes not then available."

If the trial judge in the instant case concluded that the restrictions in question would in reasonable probability be removed within the near future, it was probably not error to permit the witnesses to testify as to the values of the property in question for residential use and also for commercial use. It was error, however, to instruct the jury not to consider the restrictions for any purpose. Although there was evidence of some violations of the restrictions, there was also evidence that the property in question and all of the lots in Brookhaven other than the portion thereof fronting on Holmes Road, had been restricted for many years and were still restricted to residential use. The jury should have been permitted to consider such evidence. Appellees' witness, Duncan Allen, testified that the fair market value of the premises in question was $21,200.00, and that its highest and best value was for business and apartments. Since the jury were instructed not to consider the restrictions for any purpose, it seems quite likely that they gave little or no credence to appellant's witness, Mr. Favela, who testified that the market value of the property at the time of taking was $10,-650.00, and that such property had always been residential, and that its highest and best use would be as residential property, "that is, without breaking the restrictions. In residential areas you have to consider the restrictions." We have concluded that the instruction given the jury by the court was calculated to cause and probably did cause the rendition of an improper verdict and judgment.

Appellant further asserts that the trial court erred in permitting appellees' appraiser, Duncan Allen, to testify that sales of Lot 21 in Block 2 and Lots 19 and 20 in Block 2 of the Bert Wheeler Addition to the City of Houston, were of lots comparable to the subject matter in the instant case.

After said witness had without objection testified as to his qualifications as an appraiser and had also testified to certain facts which he considered in arriving at market value, he was asked to testify as to comparable tracts and their location with respect to the location of the subject property. His first comparable tract was Lot 21 in Block 2 in the Bert Wheeler Business Addition, located several hundred feet from the property being condemned. Thereupon appellant's counsel took the witness on voir dire examination at considerable length. The witness testified that some of the restricted lots in Brookhaven had been used for commercial purposes. Lot 21 in Block 2 of the Bert Wheeler Addition and the property in question were both improved lots in 1958 when said Lot 21, which fronts on Holmes Road, was sold. Such lot was in a business addition, whereas the subject lot was residential property.

In view of the testimony of the witness as to violations of the restrictions, and in light of what has been said hereinabove with reference to appellant's other Points, we cannot say that the court committed reversible error in permitting the witness to testify as to the comparability of the lots. The degree of similarity of land is largely within the trial court's discretion in determining the admissibility of evidence concerning other sales. Austin v. Cannizzo, Tex.Civ.App., 260 S.W.2d 54, rev. on other grounds, 153 Tex. 324, 267 S.W.2d 808; Holcombe v. Houston, Tex. Civ.App., 351 S.W.2d 69.

What has been said with respect to Lot 21 in Block 2 is in the main part applicable to appellant's Point concerning Lots 19 and 20 in Block 2 of the Bert Wheeler Addition. In view of another trial, however, it should be observed that the witness' testimony as to the improvements upon comparable property should generally be based upon his personal examination of such improvements, and that as a prerequisite of proof of value of other land in the vicinity, it should be shown that the land

in question is similar in respect of improvements and other elements of value. Chaney v. Coleman, 77 Tex. 100, 13 S.W. 850; Sullivan v. Missouri, Kansas & T. R. Co. of Texas, 29 Tex.Civ.App. 429, 68 S.W. 745; Newbold v. International & G. N. R. Co., 34 Tex.Civ.App., 525, 78 S.W. 1079; Hays v. State, Tex.Civ.App., 342 S.W.2d 167, writ ref., n. r. e.; 22 Tex.Jur.2d, p. 425, Eminent Domain, Sec. 301.

Depending on the facts that may be developed upon a new trial, it may become necessary for the trial court in defining market value, not only to include in the definition language analogous to that suggested by the Supreme Court in the Cannizzo case, but also to instruct the jury with respect to the law applicable to waiver and abandonment of restrictions and estoppel.

Reversed and remanded.