Joe Weldon CORNETT et al., Appellants,

v.

CITY OF HOUSTON, Appellee.

No. 14835.

Court of Civil Appeals of Texas.

Houston.

June 16, 1966.

Joe W. Cornett, pro se.

No attorney for appellee.

BELL, Chief Justice.

This is an appeal from a temporary injunction whereby Oak Forest, a corporation owning Lot 29 in Block 4 of Oak Forest Addition, Section 1, and its president, Cornett, were enjoined from establishing and operating a liquor store or conducting any business or commercial activity thereon, or on any property owned by them in Oak Forest, Section 1. Too, the appellants were enjoined from maintaining on said property a sign indicating an intent to open a liquor store on said Lot 29, or erecting or displaying any sign or advertising structures on any lots owned or used by them in Section 1 of Oak Forest.

The City of Houston, acting pursuant to statute authorizing it to enforce restrictions, brought the suit on behalf of owners of lots in the addition.

It should at the outset be noted that the appellant, Oak Forest Corporation, is not the corporation, Oak Forest Corporation, that developed Oak Forest Addition. The original Oak Forest Corporation that originally developed the addition was dissolved in March, 1955. Appellant, Oak Forest Corporation, was granted a charter in November, 1965 upon the application of Joseph W. Cornett, Barbara N. Cornett and Wesley J. Duer. None of them were ever connected with the original Oak Forest Corporation.

Lot 29 in Block 4, Oak Forest, Section 1, was acquired by the new Oak Forest Corporation by deed from Herbert Schwarze et ux, dated November 5, 1965.

Appellants contend that Lot 29, Block 4, Oak Forest, Section 1, is not subject to the restrictions relied upon by appellee. The bases of such contention seem to be that the evidence fails to show a description of property that includes Lot 29, Block 4; that if the restrictions ever applied, they were released by a general warranty deed from the old Oak Forest Corporation to Oak Forest Realty Corporation dated June 6, 1947, where no mention was made of any restrictions; that the alleged restrictions violate the rule against perpetuities; and that they were created solely for the benefit of old Oak Forest Corporation.

We state the above to be the complaints of appellants, though it is very difficult for us to follow appellants' brief. It does not comply with the briefing rules, but since appellant Cornett is individually a party and is president of the corporate defendant and is a layman, we give full consideration to the brief. Appellee has filed no brief.

Appellants seem to also urge that title to the property subdivided into Oak Forest, Section 1, was never shown to be in Oak Forest Corporation. We need only notice as to such a contention that old Oak Forest Corporation is, as shown by the record here, the common source of title into new Oak Forest Corporation and Mr. Altman, one of the lot owners on whose behalf appellee sued.

On a map or plat dated July 22, 1946 and filed for record in the Map Records of the County Clerk's office of Harris County in Volume 23, pages 48–50 is a plat showing an addition known as Oak Forest, Section 1. It was filed for record August 29, 1946. It contains the dedication of streets, easements, etc., by old Oak Forest Corporation and shows approval by the Planning Commission of the City of Houston and the Commissioners' Court of Harris County. The dedicatory instrument appearing thereon also appears in the Deed Records, Volume 1397, page 142.

By instrument dated November 12, 1946 and filed for record in the Deed Records on November 14, 1946 and recorded in

Volume 1417, pages 192, et seq., appear the restrictions involved in this case. This instrument opens with the recital that it is the owner of a specifically described 165.-40 acres out of the David Henson, W. P. Morton and S. W. Allen Surveys. Following the metes and bounds description it is recited that *said property has been subdivided and platted as shown by the Map of Oak Forest, Section One, filed in Harris County Clerk's Office, on the 29th day of August 1946.*

We have taken the metes and bounds description and traced it on the map of Oak Forest, Section 1, that was filed by old Oak Forest Corporation on August 29, 1946, and find that the lots and blocks in Oak Forest, Section One, constitute the same land described in the instrument imposing the restrictions relied on by appellee. The result is that the evidence sufficiently establishes that the material restrictions were made applicable to Lot 29, Block 4 of said addition owned by new Oak Forest Corporation.

The particular restrictions involved here are (a), (b) and (e). These restrictions read:

"(a) Except as herein noted, no lots shall be used for anything other than residential purposes.

"(b) No signs, billboards, posters or advertising devices of any character shall be erected on this property without the written consent of the corporation, and such consent shall be revocable at any time. The right is reserved to the corporation, its successors and assigns, to construct and maintain such signs, billboards or advertising devices, as is customary in connection with the sale of property in this subdivision.

"* * *.

"(e) No spiritous, vinous or malt or medicated bitters capable of producing intoxi-

cation shall ever be sold, or offered for sale, on said premises or any part thereof * * *."

There is a specific part of the subdivision set aside for commercial purposes, but Lot 29 in Block 4 and Lot 4, Block 14, which latter lot belongs to Mr. Altman, one of the parties complaining of appellants' activities, are located outside of the commercial area and in the residential area.

█ The plan adopted was a uniform one for the development of the property. The restrictions were not alone for the benefit of the developer, old Oak Forest Corporation, but were for the use and benefit of all who became owners of property in the subdivision. The instrument imposing the restrictive covenants, insofar as is material on the point of a uniform scheme and plan of development, reads as follows:

"For the purpose of creating and carrying out a uniform plan for the improvement and sale of property in said addition as a restricted subdivision, the following restrictions upon the use of said property are hereby established and adopted subject to the provisions hereof and shall be made a part of each and every contract and deed executed by or on behalf of Oak Forest Corporation, its successors and assigns, by appropriate reference to this dedication and same shall be considered a part of each contract and deed as though fully incorporated therein. And these restrictions as hereinafter set forth shall be and are hereby imposed upon each lot or parcel of land in said addition as shown by said plat and as referred to herein, and same shall constitute covenants running with the land and shall be binding upon, and shall inure to the benefit of Oak Forest Corporation, its successors and assigns, and all subsequent purchasers of said property, and each purchaser by virtue of accepting a contract or deed covering

said property shall be subject to and bound by such restrictions, covenants and conditions and for the terms of this instrument as hereinafter set forth."

The restrictions are then set out. The instrument then provides for enforcement of the restrictions by providing that old Oak Forest Corporation, its successors and assigns, and any owner of a lot or lots in the addition should have the right to enforce the restrictions.

Every person who became a purchaser of a lot took at least with constructive notice of the restrictions, became bound thereby and became vested with the rights and benefits flowing therefrom. It is noted in this connection that the deeds from Oak Forest Realty Corporation, to whom the lots involved in this suit had been conveyed by general warranty deed by old Oak Forest Corporation, to the grantees contained a reference to restrictions on record and stated the conveyance was subject to such restrictions. The deed from Oak Forest Realty Corporation to Mr. Altman et ux, dated June 5, 1947, contained this language: "This conveyance is made and accepted subject to any and all restrictions now of record in the County Clerk's office in said county." The chain of title out of Oak Forest Realty Company on Lot 29, Block 4, which belongs to new Oak Forest Corporation, begins with a deed to Roy C. Wilkins et ux. The property is described with reference to the map of Oak Forest, Section One. The deed contains this language: "This conveyance is made and accepted subject to all restrictions, reservations, covenants, conditions, rights-of-way, and easements, if any, affecting the above described property." Every intervening deed into new Oak Forest Corporation provided the "conveyance is made subject to recorded restrictions on the use of the land, if any."

■ Appellants contend that when on June 6, 1947, old Oak Forest Corporation conveyed to Oak Forest Realty Corpora-

tion various lots which in the aggregate represented 50% of the front footage of the lots in the addition they released the restrictions because the conveyance was by general warranty deed and no mention was made of the restrictions.

The restrictions were for a term of 25 years from November 14, 1946, and it was provided the term would thereafter automatically be extended for successive periods of 15 years provided the owners of 50% of the front footage of the lots could *at the end of the first 25 year* period, or *at the end of any 15 year period,* release the restrictions by executing an agreement for such purpose and filing it at least two years before the expiration of the first 25 year period or any 15 year period.

This provision does give such owners the right to release the restrictions before the end of the first 25 year period. It merely means they may prevent automatic 15 year extensions if they sign an agreement for that purpose and file it two years before the 25 year period ends. If they do not do so, there will be successive automatic 15 year extensions unless at least two years before the end of such 15 year extension period they execute and file an agreement for the purpose of releasing the restrictions.

The general warranty deed to Oak Forest Realty Company showed no purpose, even if it could be done, to release the restrictions. The grantor, old Oak Forest Corporation, could not once it had sold a lot terminate the restrictions. Too, it is noted that the recorded restrictions provide that any one accepting a deed or contract became bound and obligated by the restrictions, so that they were effectively a part of the deed.

■ The covenants and restrictions do not violate the rule against perpetuities because that rule merely relates to the remote vesting of an estate. State v. Reece, 374 S.W.2d 686 (CCA), n. w. h.

Our holding in Kroger Co. v. J. Weingarten, Inc., 380 S.W.2d 145 (CCA), ref., n. r. e. has no bearing on the restrictions here involved. It related to an entirely different type of agreement.

■ When appellants here assert a monopoly is being used against them, they merely mean, as shown by the evidence, that the owners of lots in the addition are merely working together to maintain the residential restrictions. This they have a legal right to do.

■ The deed into Mr. Altman from Oak Forest Realty Corporation, while dated June 5, 1947, though the deed from old Oak Forest Corporation to Oak Forest Realty Corporation was dated June 6, nevertheless has vested title in Altman because of the after-acquired title rule.

■ Only a temporary injunction has, as we interpret the judgment, been issued against appellants. In determining whether there was error in so doing we merely determine whether the trial court has abused the wide discretion vested in him.

Here the evidence showed, or so the trial court could have concluded, that unless enjoined appellant Cornett would probably open a liquor store in violation of the restriction. The sign, erected at his direction, that was located on said lot, so stated. Pictures of the sign are in evidence. Too, the very presence of the sign, it not being one customarily employed in connection with the sale of the property, violated the restriction.

We have read the cases cited by appellants and find them inapplicable to the facts of this case.

The trial court did not abuse his discretion in granting the temporary injunction.

Affirmed.