There is no error.

In this opinion the other judges concurred.

HAL EIS ET AL. *v.* MARY D. MEYER
(6949)

SPALLONE, NORCOTT and FOTI, Js.

Argued January 10—decision released March 21, 1989

*Gorden R. Paterson,* for the appellant (defendant).
*Myra L. Graubard,* for the appellees (plaintiffs).

FOTI, J. The defendant appeals from the judgment rendered in accordance with the attorney trial referee's report declaring an easement to be fully enforceable and issuing a permanent injunction restraining the defendant from hindering or interfering with the plaintiffs' use and enjoyment of that easement. The dispositive issue on appeal is whether the trial court erred in failing to find that the easement terminated, by its express terms, upon the "enlargement" of the plaintiff's home. We find error.

The parties are adjoining property owners residing on Woodbine Road in Stamford. The plaintiffs can gain access to their home via two routes: a main entrance and driveway that leads directly from Woodbine Road to the front of their house, and a right of way onto their property created by an easement that bisects the defendant's property.

The history and terms of the creation of this easement, as found by the trial referee, are as follows: Prior to 1951, Beulah G. Barnard owned approximately thirteen acres of land on Woodbine Road. Her son, William Spiegelberg, and his family lived in the large house located on Barnard's property. In 1951, Barnard conveyed approximately three and one-fifth acres of her property to her nephew, Charles Meyer, the defendant's deceased husband. Thereafter, Spiegelberg acquired title to Barnard's remaining tract of land and

in two separate conveyances, granted an additional two and one-fifth acres to Meyer. An easement benefiting Speigelberg's property to use an existing driveway that crossed the defendant's property for ordinary and reasonable use was in effect from the earliest deed. The terms of the final conveyance to Meyer in 1954 required the termination of that easement if Spiegelberg or his heirs or assigns failed to contribute one-half of the expenses for the maintenance of the driveway, or if any new building was erected or any existing building on Spiegelberg's property was enlarged.

In 1955, Spiegelberg quitclaimed this easement to Meyer, who later restored and amended it subject to the stipulations and conditions pertaining to the original easement.[1] Subsequently, Spiegelberg sold his property to a purchaser who in 1977 sold it to Hal and Shirley Eis, the present plaintiffs. At the time the plaintiffs acquired the property, they were aware of the terms and conditions of the easement. The defendant, Mary Meyer, inherited her property from her husband Charles in 1962.

---

[1] The easement states in pertinent part: "KNOW ALL MEN BY THESE PRESENTS: THAT I, CHARLES H. MEYER . . . herein referred to as the 'Grantor', for the consideration of One Dollar ($1.00), and other valuable consideration received to my full satisfaction of WILLIAM I. SPIEGELBERG . . . . herein referred to as the 'Grantee,' do give, grant, bargain, sell and confirm unto the said WILLIAM I. SPIEGELBERG an easement to use, for ordinary purposes of ingress and egress by passenger automobiles and delivery wagons only, and to a reasonable extent, the existing driveway on land owned by the Grantor on Woodbine Road, directly to the present buildings on the land owned by the Grantee adjoining the land of the Grantor, which driveway is shown, and marked 'existing drive', on the map recorded as Map No. 4880 in the Stamford Land Records; provided, however, that said right shall cease, terminate and be extinguished in the event that the Grantee or his heirs or assigns, shall fail to pay to the grantor or his heirs or assigns, one-half any amount expended by the grantor, his heirs or assigns for the upkeep, maintenance, repair or rebuilding of that part of said driveway which lies between Woodbine Road and the drive which branches off to the buildings on the land of the Grantor, within twenty (20) days after written request therefor is delivered or mailed

In 1978, Hal Eis informed the defendant of his plans to construct an addition on his house in order to extend his kitchen. The defendant did not respond or react when she was told of her neighbor's plans. Thereafter, the plaintiffs added a 230 square foot addition to their house.

The court's decision that the plaintiffs' enlargement of their residence did not terminate the easement was premised on two grounds. First, it concluded that the improvements made by the plaintiff were "insignificant" and that the original parties to the agreement creating the easement had not intended to "prevent an owner from maintaining, improving, or updating the large house as the need arose." Second, the trial court found that the defendant, by her silence, had induced the plaintiffs to proceed with the renovations in derogation of their easement rights and was, therefore, estopped from enforcing the terms of the easement. In accordance with these findings, the trial court rendered judgment declaring the easement to be in full force, and enjoining the defendant from interfering with the plaintiffs' use and enjoyment of the driveway.

"Although in most contexts the issue of intent is a factual question on which our scope of review is limited; see, e.g., *Finley* v. *Aetna Life & Casualty Co.*, 5 Conn. App. 394, 408, 499 A.2d 64 (1985), rev'd on other grounds, 202 Conn. 190, 520 A.2d 208 (1987); the determination of the intent behind language in a deed, con-

---

to the Grantee, his heirs or assigns or left at the main building now on the land owned by the Grantee or in the letterbox used in connection therewith; and provided, further, that said right shall cease, terminate and be extinguished at any time when any building is erected on any part of the land now owned by the Grantee in addition to the buildings now on said land, or when any building on said land is enlarged; and provided, further, that the Grantor shall not be required to keep up, maintain, repair or rebuild, nor have any obligation with respect to any portion of said driveway; and provided, further, that the Grantor, his heirs and assigns shall have the unlimited right to the use of said driveway for any purposes."

sidered in the light of all the surrounding circumstances, presents a question of law on which our scope of review is plenary. *Kelly* v. *Ivler,* 187 Conn. 31, 39, 450 A.2d 817 (1982); *Marion Road Assn.* v. *Harlow,* 1 Conn. App. 329, 332, 472 A.2d 785 (1984)." *Grady* v. *Schmitz,* 16 Conn. App. 292, 295–96, 547 A.2d 563 (1988). When faced with a question not based on the credibility of witnesses regarding the construction of deeds, "the reviewing court does not give the customary deference to the trial court's factual inferences." *Marion Road Assn.* v. *Harlow,* supra. After reviewing the trial court's findings and the express terms of easement in this case, we find that the trial court's conclusion was erroneous.

"[A]n easement may be created which will terminate upon the happening of an event or contingency, or which may be terminated on the occurrence, [or] breach . . . of a condition . . . and the limitation or condition will ordinarily be enforced unless it is not sufficiently definite . . . or is contrary to law or public policy." 25 Am. Jur. 2d, Easements § 99; *Harris* v. *Pease,* 135 Conn. 535, 541, 66 A.2d 590 (1949). When the granting of an easement is conditioned on a particular event, the easement is automatically terminated when that event occurs. 25 Am. Jur. 2d, Easements § 102.

In interpreting the terms of an easement, when the language is clear and unambiguous, the court must examine its express terms and not resort to extraneous circumstances or parol evidence. 25 Am. Jur. 2d, Easements § 23. "In determining the meaning and effect of the controverted language in the [written instrument], the inquiry must focus on the intention expressed in the [written instrument] and not on what intention existed in the minds of the parties. *Lampson Lumber Co.* v. *Caporale,* 140 Conn. 679, 682, 102 A.2d 875 (1954). The construction and legal effect of the

express terms will not be varied by reason of inconvenience to the parties or unreasonableness of the terms." *Hatcho Corporation* v. *Della Pietra,* 195 Conn. 18, 21, 485 A.2d 1285 (1985); see also *Moore* v. *Serafin,* 163 Conn. 1, 10, 301 A.2d 238 (1972). " 'Contractual terms are to be given their ordinary meaning and when the intention conveyed is clear and unambiguous, there is no room for construction.' " *Gino's Pizza of East Hartford, Inc.* v. *Kaplan,* 193 Conn. 135, 138, 475 A.2d 305 (1984). "The words as written, moreover, must be accorded a fair and reasonable construction and their 'common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract.' " *Albert Mendel & Son, Inc.* v. *Krough,* 4 Conn. App. 117, 123, 492 A.2d 536 (1985).

The terms of the easement in this case are clear and provide that: "Said right *shall cease, and terminate and be extinguished* at any time when any building is erected on any part of the land now owned by the grantee in addition to the buildings now on said land, *or when any building on said land is enlarged.*" (Emphasis added.) The trial court found the wording of the easement to be unambiguous, and that by the express terms of that agreement, the plaintiffs' right to use the driveway would terminate when any building on the land was enlarged. It further found that the plaintiffs were aware of the terms conditioning the continued existence of the easement.

We conclude that it was error for the trial court to construe the unambiguous language of the easement. The words, "when any building on said land is enlarged," are clear in meaning, and require no construction, addition or interpretation. The construction of a 230 square foot addition plainly constituted an enlargement. The trier cannot expand the clear meaning of the agreement by adding a condition that it be a "significant" enlargement. The meaning and effect

of the words are to be determined not by what may have been intended by the parties, but the intent that was actually expressed. See *Kelly* v. *Ivler,* supra. According to the express terms of the deed, the easement terminated when the plaintiffs enlarged their home. The trial court's conclusion to the contrary was erroneous.[2]

There is error, the judgment is set aside, and the case is remanded to the trial court with direction to render judgment for the defendant.

In this opinion the other judges concurred.

---

[2] We cannot uphold the trial court's decision based on its alternative holding that the defendant, by her silence, induced the plaintiffs to construct the addition to their property and was therefore, estopped from terminating the easement. " ' "[I]t is the burden of the person claiming estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge." *Pet Car Products, Inc.* v. *Barnett* [150 Conn. 42, 53–54, 184 A.2d 797 (1962)]. *Linahan* v. *Linahan,* 131 Conn. 307, 327, 39 A.2d 895 [1944].' *Reinke* v. *Greenwich Hospital Assn.,* 175 Conn. 24, 28–29, 392 A.2d 966 (1978)." *Kimberly-Clark Corporation* v. *Dubno,* 204 Conn. 137, 148, 527 A.2d 679 (1987). Because the trial court expressly found in his corrected findings that the deed of conveyance specifically referred to the easement and the plaintiffs were aware of the terms of the easement when they purchased the property, the trial court erred in concluding that the requisite elements of estoppel had been met in this case.