[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Edward J. and Frances R. Flynn move (#120) to strike this case from the jury docket on the basis that their cause of action raises issues essentially equitable in nature and, therefore, that the defendants are not entitled to a jury trial. Practice Book 282.
By way of background, this is a declaratory judgment action seeking a determination of whether certain restrictions contained in a deed to the plaintiffs should be declared unenforceable because of a material charge of circumstances.
The plaintiffs own real property situated in Norwalk. The eighteen named defendants are owners of other plots in the subdivision where plaintiffs' property is also located or otherwise are interested parties to the action. The motion to strike relates to a claim for the jury by six of the defendants.
In a single count amended complaint dated April 13, 1990 the plaintiffs allege, inter alia, that they own property in a subdivision originally consisting of fourteen plots. The deed to plaintiffs' property is alleged to contain a restrictive covenant prohibiting the construction of more than two dwellings thereon. It is alleged by plaintiffs that although other plots in the subdivision contain building restrictions, these restrictions are not uniform, and none contain the same restrictions as plaintiffs' deed. The complaint further alleges that restrictions on two of the plots in the subdivision were released by the grantor, and that the owners of five other plots, by quitclaim deed, released any rights they had to enforce the restrictive covenants encumbering plaintiffs' property.
Plaintiffs also claim that these facts represent material changes in circumstances and an abandonment of the original purpose of the restrictive covenant in plaintiffs' CT Page 2637 deed, thus making enforcement of this covenant inequitable. Plaintiffs allege that they wish to develop their property by constructing additional single family homes, but are prevented from doing so by the restriction.
In their answers to the complaint, the defendants deny that any material changes in circumstances evidencing an abandonment of the purpose of the deed restriction, and deny that enforcement of the restriction would be inequitable to the plaintiffs.
The defendants claimed this case for the jury docket, and the plaintiffs now move to strike the case from this docket on the ground that the action sounds in equity, and therefore no right to a jury exists. A previous claim that the case was not timely claimed by the defendants to the jury trial list has been withdrawn.
Plaintiffs in this action seek to invoke the court's equitable jurisdiction to invalidate the deed restriction due to changed circumstances, and they argue that a declaratory judgment procedure neither enlarges nor restricts the right to a jury trial.
The defendants, on the other hand, characterize this action as one for the interpretation and enforcement of restrictive covenants and claim that this type of action historically has been held to be triable to a jury. The defendants also argue that Practice Book 391(f) specifically provides that "issues of fact necessary to the determination of the cause may be submitted to the jury as in other actions." They also contend that they have a constitutional right to have issues of fact determined by a jury.
The Superior Court is authorized to render declaratory judgments by General Statutes 52-29. Practice Book sections 388 through 394 contain the rules for declaratory judgment proceedings. It has been held that a provision in a deed containing a restriction is the proper subject of a declaratory judgment action. Andrews v. Connecticut Light and Power Co.,23 Conn. Sup. 486, 493, 185 A.2d 78 (1962). A declaratory judgment proceeding is one to determine fixed legal rights, not to impose equitable terms on disputing parties. Id. at 494. "``Relief by declaratory judgment is sui generis and while not strictly legal or equitable, yet its historical affinity is equitable''"
See also Middlebury v. Steinmann, 189 Conn. 710,715, 458 A.2d 393 (1983) to the same effect. CT Page 2638
In Skinner v. Angliker, 211 Conn. 370, 373-74,559 A.2d 701 (1989), the Connecticut Supreme Court set forth the standards used to determine whether a party is entitled to trial by jury, stating:
 The Constitution of Connecticut, Article First, 19, states that `[t]he right of trial by jury shall remain inviolate.' This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact. It is generally held that the right to jury trial `exists not only in cases in which it existed at common law and at the time of the adoption on constitutional provisions preserving it, but also exists in cases substantially similar thereto . . .' At common law, `legal claims [were] tried by a jury, [and] equitable claims [were] tried by a court . . .' Equitable actions, therefore, are not within the constitutional guarantee by jury.
Moreover, General Statutes 52-215 provides that as a matter of right "civil actions involving such an issue fact as, prior to January 1, 1980, would not present a question properly cognizable in equity" should be entered on the docket as jury cases upon proper request. Section 52-215 goes on to stated that certain enumerated action and "all other special statutory proceedings, which, prior to January 1, 1980, were not triable by jury," shall be tried to the court without a jury.
To determine whether a right to a jury trial exists under Article First, 19 of the Connecticut Constitution and52-215 of the General Statutes, the court must decide "whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted." Skinner v. Angliken, supra, 376. This requires an inquiry into whether the action has its roots in the common law, and if so, whether the remedy was in law or equity. Ibid. A right to a jury trial only exists if the action existed at common law and involved a legal remedy. Ibid.
To the same effect is Motor Vehicle Mfrs. v. O'Neil 203 Conn. 63,76, 523 A.2d 486 (1987) ("Causes of action that are essentially cognizable at law are triable to a jury, while actions that are essentially equitable are not.") "Whether a claim is legal or equitable is an `elusive question' and it requires an appraisal of the basic nature of the issues presented, including the relief sought." Franchi v. Farmholme, CT Page 2639 Inc., 191 Conn. 201, 219, 464 A.2d 35 (1983). However, the type of relief requested is not dispositive. United States Trust Co. v. Bohart, 197 Conn. 34, 45, 495 A.2d 1034 (1985). Where the essential basis of the action is such that the issues presented would be properly cognizable in an action at law, either party has a right to claim a jury trial. Ibid.
The action before this court essentially is an action to remove a restrictive covenant from the deed to plaintiffs' property. Although no Connecticut decision has been found which specifically holds that such an action is equitable, the cases in which such relief was sought have been tried to the court, and are dealt with as equitable actions. See, e.g. Harris v. Pease, 135 Conn. 535, 537, 66 A.2d 590 (1949); Fidelity Title Trust Co. v. Lomas Nettleton Co.,125 Conn. 373, 375, 5 A.2d 700 (1939); Bickell v. Moraio,117 Conn. 176, 177, 167 A. 722 (1933); Munson v. Munson, 28 Conn. 582,585, 73 App.Div. 693 (1859). Other jurisdictions similarly treat proceedings to remove clouds from title as equitable actions. See, e.g. MacArthur v. Hood Rubber Co.,221 Mass. 372, 109 N.E. 162 (1915); Lamana-Panno-Fallo, Inc. v. Heebe,352 So.2d 1303 (La.App. 1977); Carlson v. Kantor, 391 So.2d 343
(Fla.App. 1980); and Sharon v. Tucker, 144 U.S. 533 (1891).
The allegations in the complaint state a cause of action which is essentially equitable in nature, involving issues of fact to be determined by the court and not a jury.
As regards the reference to a jury in Practice Book 391(f), relied on heavily by the defendants, Linahan v. Linahan,131 Conn. 307, 313, 39 A.2d 895 (1944), holds that "The provision in the rules (Practice Book, 251) (the predecessor to 391) concerning declaratory judgments, that issues of fact in actions for such relief `may be submitted to the jury as in other actions,' does not enlarge the right to a jury trial which would otherwise exist. The cause of action stated in the complaint is not which the defendant had a right to have tried by jury."
Therefore, the defendants are not entitled to a jury trial, and the motion to strike from the jury docket should be and is hereby granted.
SO ORDERED.
Dated at Stamford, Connecticut this twelfth day of October, 1990.
LEWIS, JUDGE CT Page 2640